JUDGE SWAIN

08 CIV 7161

MILBANK, TWEED, HADLEY & McCLOY LLP
By: Scott A. Edelman (SE 5247)
    Richard E. Rosberger (RR 1632)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UBS AG,

        Plaintiff,

v.

KAISER FOUNDATION HOSPITALS,

        Defendant.
------------------------------------------------------------X

08 Civ. _____

RECEIVED
AUG 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

1.     Plaintiff UBS AG ("UBS") is a corporation organized under the laws of, and with its principal place of business in, Switzerland. UBS has offices in this District.

2.     Upon information and belief, defendant Kaiser Foundation Hospitals ("Kaiser") is a non-profit, public benefit corporation organized under the laws of the State of California, with its principal place of business in the State of California.

3.     This action arises out of defendant Kaiser's indication that it intends to cause the breach of an Escrow Option Agreement (the "Escrow Option Agreement") entered into by, among others, UBS and Kaiser, and dated as of January 30, 2004. Pursuant to the Escrow Option Agreement, upon timely notice from UBS (which has been provided), and payment of an exercise price, Kaiser was obligated to facilitate (and not to block) the delivery to UBS by a corporate trustee of a portfolio of securities identified by the terms of the Escrow Option Agreement, or in the

alternative, to make a cash payment to UBS in the amount of the difference between the fair market value of the securities and the exercise price specified in the Escrow Option Agreement.

4. Notwithstanding the clear terms of the Escrow Option Agreement, and the delivery of the required notice by UBS, Kaiser has informed UBS that it intends to challenge UBS' right to receive all of the securities in the portfolio. Instead, Kaiser has taken the position that UBS is not entitled to delivery of one of the most valuable securities in the portfolio, which has a par value in excess of $30 million and is scheduled to mature on October 1, 2008.

5. UBS brings this action to enforce its rights under the Escrow Option Agreement.

## I. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Plaintiff UBS is a citizen of a foreign state. Defendant Kaiser is a citizen of the State of California. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a). Among other things, under the Escrow Option Agreement, Kaiser submitted to the non-exclusive jurisdiction of this Court and waived any objection to the laying of venue of any suit arising out of or relating to the Escrow Option Agreement brought in this Court. The Escrow Option Agreement further provides that it shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflict of law principles.

## II. THE ESCROW OPTION AGREEMENT

8. On or about January 30, 2004, Plaintiff UBS and Defendant Kaiser, along with non-party Wells Fargo Bank, National Association (the "Trustee"), a national banking association duly organized and existing under the laws of the United States, entered into the Escrow Option Agreement, pursuant to which Plaintiff UBS paid an option premium of approximately $4,600,000 to the Trustee on behalf of Kaiser. In return for that option premium, UBS received the right, but not the obligation, to purchase from the Trustee a specified portfolio of securities that were specifically identified in the Escrow Option Agreement, as of dates specified in the Escrow Option Agreement, with corresponding exercise prices specified for each such date.

9. The Escrow Option Agreement provides that, on any Exercise Date, UBS may elect to purchase from the Trustee all, but not less than all, of the Original Portfolio Securities that have not matured on or prior to the related Exercise Date by payment of the Exercise Price.

10. The Escrow Option Agreement provides that, to exercise its option, UBS is required to deliver a notice to Kaiser and the Trustee at least forty five and not more than sixty days prior to any of a number of Requirement Dates specified in the Escrow Option Agreement. The notice is required to specify an Exercise Date, which is required to be (i) at least four Business Days after the date on which the Exercise Notice is delivered, (ii) at least forty-five days prior to the related Requirement Date, and (iii) not more than sixty days prior to the related Requirement Date. The first Requirement Date specified in the Escrow Option Agreement is October 1, 2008. To exercise its option to purchase the portfolio of bonds in connection with the October 1, 2008 Requirement Date, UBS was required to deliver to Kaiser and the Trustee a notice of exercise of its option between August 2, 2008 and August 17, 2008. UBS delivered such a notice on or about August 6, 2008. The notice specified an Exercise Date of August 13, 2008.

11. The Escrow Option Agreement provides that upon delivery of such a notice, UBS is entitled to receive all of the Original Portfolio Securities (as defined in the Escrow Option Agreement) that have not matured on or prior to the related Exercise Date -- in this case, August 13, 2008 -- by payment of the Exercise Price, which is defined to be $212,756,500.00 for an exercise with respect to the October 1, 2008 Requirement Date.

12. By the terms of the Escrow Option Agreement, UBS is entitled to receive, upon exercise of its option, all of the Original Portfolio Securities, including such securities with a maturity date of October 1, 2008 (because such securities will not have matured on or prior to the Exercise Date specified by UBS (August 13, 2008)). Among the Original Portfolio Securities identified in the Escrow Option Agreement is a FHLMC security, with a maturity date of October 1, 2008, a par amount of $31,889,000.00, and a CUSIP 3128X2RY3 (the "10/1/2008 Bond").

13. Under the terms of the Escrow Option Agreement, UBS is entitled to receive all of the Original Portfolio Securities, including the 10/1/2008 Bond. Nonetheless, Kaiser has informed UBS that Kaiser disputes UBS' right to receive the 10/1/2008 Bond upon exercise of its option. Kaiser has repudiated its obligations under the Escrow Option Agreement to the extent that the Escrow Option Agreement requires Kaiser to take actions to facilitate the delivery of the Original Portfolio Securities (including the 10/1/2008 Bond) to UBS. Likewise, Kaiser has repudiated its obligations to make a cash payment to UBS based on the value of, among other securities, the 10/1/2008 Bond.

14. As part of the Escrow Option Agreement, Kaiser covenanted in Section 2.02 that it would not direct the Trustee to act in contravention of its obligations under the Escrow Option Agreement. Upon information and belief, Kaiser has directed, or otherwise encouraged, the Trustee to refuse to deliver the Original Portfolio Securities (including the 10/1/2008 Bond) as required by

the Escrow Option Agreement. Kaiser's actions in such regard constitute a breach of its obligations under the Escrow Option Agreement.

## COUNT I
### (Declaratory Judgment)

15. UBS repeats and realleges all of the allegations contained in Paragraphs 1 through 14 herein.

16. There exists an actual case and controversy between UBS and Kaiser within the meaning of 28 U.S.C. § 2201(a) concerning UBS' right to receive the Original Portfolio Securities (including the 10/1/2008 Bond) in connection with the delivery of UBS' notice on August 6, 2008. UBS is entitled to a declaration that it is entitled, upon payment of the price specified in the Escrow Option Agreement, to delivery of all of the Original Portfolio Securities (including the 10/1/2008 Bond). Alternatively, UBS is entitled to a declaration that it is entitled to a cash payment from Kaiser calculated based on the value of all of the Original Portfolio Securities (including the 10/1/2008 Bond).

## COUNT II
### (Breach of Contract)

17. UBS repeats and realleges all of the allegations contained in Paragraphs 1 through 16 herein.

18. The Escrow Option Agreement is an enforceable agreement to which both UBS and Kaiser are parties.

19. UBS has honored its obligations under the Escrow Option Agreement.

20. Upon information and belief, Kaiser has directed, or otherwise encouraged, the Trustee to refuse to deliver the Original Portfolio Securities (including the 10/1/2008 Bond) as

required by the Escrow Option Agreement. Kaiser's actions in such regard constitute a breach of its obligations under the Escrow Option Agreement

21.   Unless remedied, UBS will be damages by Kaiser's conduct in an amount to be determined at trial.

WHEREFORE, UBS respectfully prays for the following relief against Kaiser:

(1) a declaratory judgment in UBS' favor concerning UBS' entitlement to delivery of all of the Original Portfolio Securities, including the 10/1/2008 Bond;

(2) compensatory damages for the breach of contract claim in an amount to be determined at trial;

(3) attorney's fees pursuant to the Escrow Option Agreement; and

(4) any further relief this Court deems just and proper.

Dated: August 11, 2008
      New York, New York

Respectfully submitted.

MILBANK, TWEED, HADLEY & McCLOY LLP

By: *[signature]*
Scott A. Edelman (SE 5247)
Richard E. Rosberger (RR 1632)
One Chase Manhattan Plaza
New York, New York 10005
(212) 530 5149

Attorneys for Plaintiff UBS AG